**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-2280**

---

DOMINION COAL CORPORATION,

Petitioner,

versus

JAMES J. GROSS; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,

Respondents.

---------------

JAMES PHEMISTER, Professor,

Amicus Supporting Respondent Gross.

---

On Petition for Review of an Order of the Benefits Review Board.
(03-118-BLA)

---

Argued: March 14, 2006                    Decided: May 4, 2006

---

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Ronald Eugene Gilbertson, BELL, BOYD & LLOYD, Washington,
D.C., for Petitioner. Barry H. Joyner, UNITED STATES DEPARTMENT OF
LABOR, Office of the Solicitor, Washington, D.C.; Mary Varson
Cromer, WASHINGTON & LEE UNIVERSITY, School of Law, Lexington,
Virginia, for Respondents. **ON BRIEF:** Howard M. Radzely, Solicitor

of Labor, Donald S. Shire, Associate Solicitor, Christian P. Barber, Counsel for Appellate Litigation, UNITED STATES DEPARTMENT OF LABOR, Office of the Solicitor, Washington, D.C., for Respondent Director, Office of Workers' Compensation Programs. James M. Phemister, WASHINGTON & LEE UNIVERSITY, School of Law, Lexington, Virginia, for Amicus Supporting Respondent Gross.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dominion Coal Corporation seeks review of an order of the Benefits Review Board affirming the award of benefits to James Gross under the Black Lung Benefits Act, 30 U.S.C. § 901 et seq. (2000).[1]  We agree with the Board that substantial evidence supports the decision of the administrative law judge, and we therefore affirm.

Gross worked as a coal miner for thirty years, the final twenty-four of them as a roof bolter for Dominion.  He has experienced respiratory difficulties, and in 1994, he applied for black lung benefits.  His claim was originally denied, and the Board affirmed in an unpublished decision issued November 6, 1998. Gross then submitted a request for modification of this determination, see 20 C.F.R. § 725.310 (2005), which the district director received on November 8, 1999.[2]  An ALJ subsequently found that Gross was entitled to benefits based on new evidence, and the Board affirmed.

---

[1]The court grants Gross's motion to proceed in forma pauperis on appeal.

[2]The Board properly determined that Gross's request for modification was timely received "prior to one year after the rejection of [his] claim."  33 U.S.C. § 922 (2000); see also 30 U.S.C. § 932(a) (2000); 20 C.F.R. § 725.310(a).  The clock began to run the day after the Board's November 6, 1998 decision. See 20 C.F.R. § 725.311(c).  Because November 6, 1999 was a Saturday, the deadline was moved to the following Monday, November 8, 1999, see id., the date on which Gross's request was received.

On appeal, Dominion contends that Gross failed to carry the burden of showing that chronic dust disease arising out of coal-mine employment was "a substantially contributing cause" of his disability.  Id. § 718.204(c)(1).  In particular, Dominion argues that the ALJ erred in crediting the opinion of Gross's expert, Dr. Forehand, and in discrediting those of Dominion's experts, Drs. Castle and Branscomb, who opined that Gross's disability was caused by smoking cigarettes.  The Board, however, has explained at some length why it was permissible for the ALJ to weight the conflicting expert opinions in this fashion, and on balance, we must show deference to the decisionmaker who heard the evidence firsthand.  See, e.g., Stiltner v. Island Creek Coal Co., 86 F.3d 337, 342 (4th Cir. 1996).  We are thus persuaded, for the reasons given by the Board, that substantial evidence exists to support the ALJ's factual determinations.  See Boyd & Stevenson Coal Co. v. Dir., OWCP, 407 F.3d 663, 666 (4th Cir. 2005).  The judgment of the Board is therefore

AFFIRMED.

4